UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11662-RWZ

PHYLLIS J. MOTTO

v.

GARY H. KREPPEL, P.C.; GARY H. KREPPEL;
SAMANTHA J. SMITH; STANLEY N. DEHAAN;
GE MONEY BANK; PFG OF MINNESOTA;
EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC;
and EXPERIAN INFORMATION SOLUTIONS, INC.

Memorandum of Decision

June 11, 2012

ZOBEL, D.J.

Plaintiff, Phyllis J. Motto, brings this action pro se against GE Money Bank ("GE Money") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and for violations of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A. The complaint was originally in seven counts against nine defendants, including a law firm, a debt collection agency and three national credit reporting agencies. Plaintiff voluntarily dismissed all defendants except GE Money (Docket ## 26, 32, 47, 53 and 54.), which now seeks dismissal of the claims against it (Docket # 30).

Plaintiff alleges that in November 2010 she was contacted by PFG of Minnesota ("PFG") (one of the original defendants) to collect a debt on behalf of GE Money. Shortly thereafter plaintiff sent written notice to PFG and GE Money disputing the debt,

requesting written proof that she in fact owes the debt, and seeking an opportunity for plaintiff to inspect all relevant papers in their possession.

Neither defendant nor PFG responded to plaintiff's request. In December 2010 the Gary H. Kreppel law firm ("Kreppel") contacted plaintiff by mail in another attempt to collect the alleged debt. On December 23, 2010, plaintiff sent Kreppel and, again, GE Money, written notice disputing the debt. On December 28, 2010, Kreppel notified plaintiff that it was suspending any further collection activities until the information plaintiff requested could be provided. In February 2011, Kreppel sent plaintiff copies of account statements purported to be hers.

Plaintiff contends, despite having never had any agreement for credit with GE Money, it reported inaccurate balances and information to national credit agencies and that such inaccurate information has appeared on her credit statements and has been a substantial factor in precluding her from receiving "credit offers and opportunities, known and unknown."

## I. FDCPA Claim

It is undisputed that GE Money is an original creditor of the debt allegedly owed by plaintiff. The FDCPA, in relevant part, applies only to debt collectors and specifically exempts originating creditors. 15 U.S.C. § 1692(a)(6)(f)(iii) (the term "debt collector" excludes any person collecting or attempting to collect any debt owed or due or asserted to be owed or due to another to the extent such activity ... concerns a debt which was originated by such person."). Plaintiff cites an unpublished, district court decision from the Southern District of New York, Acheampongtieku v. Allied Interstate,

Inc., No. 04 Civ. 8397(HB), 2005 WL 2036153, *5 (S.D.N.Y. 2005). It does not help her. There, the defendant was a debt collection agency and the court held that creditors who are also "debt collector(s)" under the FDCPA may be held vicariously liable for their agent's conduct in violation of the FDCPA. Here, plaintiff does not allege that GE Money is a debt collector as defined by the FDCPA, nor does plaintiff allege that the purported debt is consumer debt, the type of debt regulated by the statute. 15 U.S.C. § 1692a(5). For these reasons, plaintiff fails to state a claim under the FDCPA.

## II. FCRA Claims

Defendant does not dispute that it is a "furnisher of information" as defined by the FCRA. Pursuant to 15 U.S.C. § 1681s–2, furnishers may not provide inaccurate information to consumer reporting agencies, 15 U.S.C. § 1681s–2(a)(1). They also have specific duties in the event of a dispute over furnished information, including the duty to undertake an investigation upon receiving a notice of dispute from a credit reporting agency, id. § 1681s–2(b). However, it is a prerequisite to maintaining an action for failure to investigate upon notice of dispute that the furnisher must have received notice of the dispute from one of the three national credit reporting agencies and not from plaintiff alone. Chiang v. MBNA, 632 F. Supp. 2d 164, 167 (D. Mass.), aff'd, 620 F.3d 30 (1st Cir. 2010). In a conclusory fashion, plaintiff states that GE Money "failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes." However, elsewhere in the complaint plaintiff twice alleges that the credit reporting agencies did not forward any of the "relevant information" concerning Plaintiff's

disputes to the entities "originally furnishing the inaccurate information," and in fact brought this suit against the credit reporting agencies (now dismissed) on that basis. Therefore, plaintiff does not adequately plead an essential prerequisite under the FCRA.

### III. Mass. Gen Laws ch. 93A Claim

Plaintiff's ch. 93A claim as originally pled alleges that GE Money failed to allow her to inspect and copy records concerning the alleged debt. In her opposition to defendant's motion, plaintiff appears to abandon this theory and argues instead that a violation of the FDCPA is a per se violation of ch. 93A. Her latter theory fails because she has not alleged a violation of the FDCPA (see Section I above) and her former theory fails because she has not alleged how GE Money's failure to allow her to inspect caused her any actual economic harm. RSA Media, Inc. V. AK Media Group Inc., 260 F. 3d 10, 16 (1st Cir. 2001) ("Causation remains a necessary element of a successful 93A claim.... In the absence of a causal relationship between the alleged unfair acts and the claimed loss, there can be no recovery.") (internal citations and quotations omitted). See also Gather v. Credit Control Services, 623 F.Supp.2d 113, 123 (D. Mass. 2009) (A plaintiff seeking a remedy under Mass. Gen. Laws ch. 93A, § 9 must demonstrate that an alleged deception caused an actual loss. This holds true even for alleged per se violations.).

### IV. Conclusion

Defendant's motion to dismiss the complaint for failure to state a claim (Docket # 30) is ALLOWED. Judgment may be entered dismissing the complaint.

| | |
|---|---|
| June 11, 2012 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |